IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-10024-CIV-MOORE/GARBER

THOMAS GRAY,

    Plaintiff,

vs.

MARK E. KOHL, in his official capacity
as State Attorney for the Sixteenth Judicial
Circuit of Florida, RICHARD D. ROTH,
in his official capacity as Monroe County
Sheriff, and SHERIFF'S OFFICER JOHN
PEREZ, in his official capacity,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTIONS TO DISMISS

THIS CAUSE came before the Court upon Defendant State Attorney Mark E. Kohl's Motion to Dismiss or Stay Action (dkt # 21, 22), and Defendants Richard D. Roth's and John Perez's Motion to Dismiss (dkt # 25).

UPON CONSIDERATION of the Motions, the record, and being otherwise fully advised in the premises, the Court enters the following order.

**I.     BACKGROUND**

This action arises from Defendants' prohibition of Plaintiff's distribution of Bibles on a public sidewalk within 500 feet of Key Largo School, a "school safety zone," pursuant to the Florida School Safety Zone Statute, §810.0975. The statute states:

> Any person who does not have legitimate business in the school safety zone or
> any other authorization, license, or invitation to enter or remain in the school
> safety zone who shall willfully fail to remove himself or herself from the school
> safety zone after the principal or designee, having a reasonable belief that he or

she will commit a crime or is engaged in harassment or intimidation of students entering or leaving school property, requests him or her to leave the school safety zone commits a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.

On April 20, 2007, Plaintiff filed the Verified Complaint in this case, stating five (5) causes of action: (1) violation of the right to freedom of speech under the First Amendment; (2) violation of the Due Process Clause of the Fourteenth Amendment; (3) violation of the Equal Protection Clause of the Fourteenth Amendment; (4) violation of the right to free exercise of religion under the First Amendment as incorporated and applied through the Fourteenth Amendment; and (5) violation of Florida's Religious Freedom Restoration Act ("FRFRA").

The following facts are set forth in the Complaint. Plaintiff is a resident of Key Largo, Florida, and member of Gideons International ("Gideons"). Plaintiff feels a religious desire and obligation to share his religion with others. Compl. ¶¶ 25–26. One way Plaintiff shares his religion is by distributing Bibles in public. Id. at ¶27.

Key Largo has one road, US 1, that spans its entire length. Id. at ¶37. Monroe County built and maintains a public bike path/sidewalk that abuts the east side of US 1 for approximately twenty miles in Key Largo. Id. at ¶38. This public bike path/sidewalk is open and accessible to the public and is regularly used by community members for walking, running, biking, and other activities. Id. at ¶39. It runs in front of commercial businesses, government buildings, personal residences, and public and private schools. Id. at ¶40.

Many activities occur within 500 feet of Key Largo School between one hour prior to school beginning and one hour after school ends. Id. at ¶41. The public bike path/sidewalk abutting US 1 and Key Largo School is located within 500 feet of the school to both the north

and south and is routinely used by community members as they talk, walk, bike, and jog. Id. at ¶¶42–43. Many businesses are located within 500 feet of Key Largo School, including a pet motel, a gas station, "The Cracked Conch" restaurant, and a plumbing business. Id. at ¶¶45–46. Also within 500 feet of the school is a church, as well as a building where trucks are housed. Id. at ¶¶53–54. Numerous residences are also located within 500 feet of the school. Id. at ¶47.

Whenever the Gideons' Key Largo Camp distributes Bibles at a public school, it does so from the bike path/sidewalk described above. Id. at ¶55. They do not distribute Bibles on school grounds. Id. at ¶56. The Gideons' procedure for handing out Bibles from the public bike path/sidewalk abutting school grounds is as follows: (1) approximately two weeks prior to the distribution, a member calls the appropriate police department to notify them of distribution; (2) ten to fifteen minutes prior to distribution, a few Gideon members give school administrators notice that they will be handing out Bibles after classes are dismissed; (3) Gideon members are instructed that they must stand on the public bike path/sidewalk during distribution and are not permitted on school grounds; and (4) Gideon members are instructed not to force Bibles on anyone. Id. at ¶58.

In December, 2006, several Gideons, including Plaintiff, distributed Bibles at Coral Shores High School. Id. at ¶59. Coral Shores High School is located approximately five miles from Key Largo School and is adjacent to the same public bike path/sidewalk that abuts Key Largo School. Id. at ¶¶60–61. Approximately two weeks before the planned distribution at Coral Shores, Plaintiff called Deputy Ralph Williams at the Monroe County Sheriff's Office and informed him of the plans to distribute Bibles. Id. at ¶62. Deputy Williams stated that the distribution was permissible and that he would be at the school on the day of distribution. Id. at

¶63. On the day of distribution, Deputy Williams was present. Id. at ¶64. Deputy Williams, his Sargent, and several other officers showed the Gideons present where to stand on the public bike path/sidewalk. Id. at ¶65. The Gideons stood on the public bike path/sidewalk next to the entrances and exits to Coral Shores and distributed Bibles from these positions. Id. at ¶66. There were no problems during the Coral Shores distribution. Id. at ¶67.

The following month, on January 19, 2007, Plaintiff and other Gideons distributed Bibles at Key Largo School. Id. at ¶69. Approximately two weeks prior to the distribution at Key Largo School, Plaintiff contacted Deputy Williams to inform him of the planned distribution at Key Largo School. Id. at ¶70. Plaintiff contacted Mr. Williams three times to give him notice, and Deputy Williams told Plaintiff that the planned distribution from the public bike path/sidewalk at Key Largo School was permissible. Id. at ¶¶70–71. Deputy Williams also informed Plaintiff that the school resource officer at Key Largo School would be out of town during the distribution, but that the school would have no problem with the distribution. Id. at ¶72.

Plaintiff arrived at Key Largo School at approximately 2:00 p.m. on January 19, 2007. Id. at ¶73. Plaintiff and another Gideon member then went to the school administration building to inform the Principal of the planned Bible distribution. Id. at ¶76. The principal was not available, and therefore Plaintiff spoke with the school secretary, who informed Plaintiff that the Bible distribution was permissible. Id. at ¶¶78–80. Plaintiff also spoke with Florida State Patrol Officer, Gretchen Glenn, who was in the school office at this time, and Officer Glenn gave no indication that the Bible distribution was problematic. Id. at ¶¶81–82.

Plaintiff then returned to the waiting Gideons on the public bike path/sidewalk. Id. at ¶83. Plaintiff positioned himself on the public bike path/sidewalk by the school crosswalk. Id. at

¶85. Shortly after Plaintiff took his position by the crosswalk, the principal came out of the school and stared at Plaintiff for a few minutes. Id. at ¶89. She did not approach or speak to Plaintiff and she did not witness Plaintiff handing out any Bibles. Id. At about 3:20 p.m., Deputy Williams stopped at Plaintiff's position to see how distribution was going. Id. at ¶88. The entire time Plaintiff distributed Bibles at the school, he stood on the public bike path/sidewalk and did not cross onto school grounds at any time. Id. at ¶90.

At approximately 3:30 p.m., Plaintiff received a call on his cell phone from a fellow Gideon member who was distributing Bibles at the school that day. Id. at ¶91. He informed Plaintiff that he and another Gideon member were being arrested. Id. at ¶92. Plaintiff stopped distributing Bibles, put them back in his truck, and walked up to the school's north exit. Id. at ¶94. There were approximately five to six sheriff's officers present. Id. at ¶95. Plaintiff identified himself as the Gideon member in charge and asked the officers who was in charge. They all indicated that Officer John Perez was the arresting officer. Id. at ¶96. Plaintiff approached Officer Perez and asked what the charges were. Officer Perez was highly agitated, and angrily said that Plaintiff would know in forty-eight hours when he received the report. Id. at ¶98.

Plaintiff inquired about what statute had been violated, and Officer Perez responded that the Gideons had no right to be within 500 feet of the school's property. Id. at ¶99. Plaintiff then called Deputy Williams and asked for his assistance. Id. at ¶101. Deputy Williams indicated that he would email Officer Perez. Id. at ¶102. Plaintiff told Officer Perez that he had an email in his car from another officer stating that the Gideons have a right to distribute Bibles from the public bike path/sidewalk, but Officer Perez indicated that he did not care. Id. at ¶¶103–106.

Plaintiff immediately ceased his Bible distribution because of Officer Perez's threat of arrest, and the arrest of the two Gideon members on January 19, 2007. Id. at ¶123. Plaintiff has not returned to distribute Bibles on public sidewalks within 500 feet of school property due to his fear of arrest and prosecution. Id. at ¶124.

## II.   MOTION TO DISMISS STANDARD

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "[A] complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficient "to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65 (2007). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964–65 (citations and quotes omitted).

### III. ANALYSIS

#### A. Standing

To satisfy the requirements of Article III standing, Plaintiff must show that: 1) he has suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical;'" 2) there is "a causal connection between the injury and the conduct complained of;" and 3) it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Bischoff v. Osceola County, Florida, 222 F. 3d 874, 883 (11 Cir. 2000) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)).

Defendants[1] argue that Plaintiff has not suffered "injury in fact" because the statute at issue "is not shown to have ever been applied to the Plaintiff, nor has he alleged that he was threatened with its application." Def. Kohl Mot. at 4. Defendants concede that the "injury in fact" requirement "has been broadened in constitutional attacks for facial overbreadth, but argue that Plaintiff has not met the limitations on the broadened requirement. Def. Kohl Mot. at 3–4.

"[T]he [Supreme] Court has permitted a party to challenge an ordinance under the overbreadth doctrine in cases where every application creates an impermissible risk of suppression of ideas, such as an ordinance that delegates overly broad discretion to the decisionmaker." Forsyth County v. Nationalist Movement, 505 U.S. 123, 129–30 (1992). Defendants cite this passage from Forsyth County and bold the portion of the first clause stating that it must create "an impermissible risk of suppression of ideas," but seem to ignore the clarification in the second clause: "such as an ordinance that delegates overly broad discretion to

---

[1] Defendants Roth and Perez "adopt as if fully set forth herein" portions of Defendant Kohl's Motion to Dismiss. Def. Roth & Perez Mot. at 4, n.2; 7, n.3. Where arguments overlap or are incorporated, the Court refers to "Defendants" as including a position taken by each Defendant.

7

the decisionmaker." Def. Kohl Mot. at 3–4. This is exactly the situation here. The Magistrate Judge recommended holding, and this Court held, that this statute delegates overly broad discretion to the decisionmaker. Report and Recommendation (dkt # 50) at 13–15.

Further, "it is not necessary [for a person] to first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." Steffel v. Thompson, 415 U.S. 452, 459 (1974); *see also* Bischoff, 222 F.3d at 884 ("Plaintiffs testimony that they were threatened with arrest for engaging in free speech activities is evidence of an actual and concrete injury wholly adequate to satisfy the injury in fact requirement of standing."); Jacobs v. Florida Bar, 50 F.3d 901, 904 (11th Cir. 1995) (noting that a plaintiff may establish standing by showing that he was threatened with prosecution, that prosecution is likely, or that there is a credible threat of prosecution). In some cases, the Supreme Court has found "constitutional challenges to state and federal statutes justiceable despite the absence of actual threats of enforcement directed personally to the plaintiff." Ellis v. Dyson, 421 U.S. 426, 447 (1975) (citations omitted).

Plaintiff makes the following allegations regarding the threat and potential for prosecution if Plaintiff continues distributing Bibles, in accordance with his religious beliefs, within 500 feet of a school:

¶1    This action is brought to challenge the Defendants' prohibition of Plaintiff, Thomas Gray, a Gideon, from distributing Bibles on a public sidewalk within 500 feet of a school.

¶3    Defendants based their prohibition on a Florida School Safety Zone Statute, §810.0975, which forbids anyone from coming within 500 feet of any school property without "legitimate business," which is left undefined, or without authorization, without stating from whom it should be received.

¶16    Mr. Kohl is currently prosecuting two members of the Gideons for engaging in the same religious speech, at the same time and place, as was Plaintiff.

¶21    John Perez is an officer of the Sheriff's Office and pursuant to the authority of the Sheriff, enforced the challenged Statute against the Plaintiff and other Gideons.

¶23    Officer Perez enforced the challenged Statute against Plaintiff by warning him that he was not permitted to be within 500 feet of the School when he was distributing Bibles.

¶99    Mr. Gray inquired about what statute had been violated, and Officer Perez responded that they (the Gideons) had no right to be within 500 feet of the School's property.

¶123   Mr. Gray immediately ceased his Bible distribution because of Officer Perez's threat of arrest, and the arrest of two of the Gideons.

¶124   Mr. Gray has not returned to distribute Bibles on the public sidewalks in front of either of the Schools in his area, or within 500 feet of any of the School property, due to his fear of arrest and prosecution.

¶125   Mr. Gray desires to return to the public sidewalk in front of the Schools (within 500 feet of School property) and during the time period from one hour prior to the start of school until one hour after the conclusion of school, to distribute Bibles.

Accepting these allegations as true, the Court holds that Plaintiff has sufficiently alleged a credible threat of enforcement of the statute against Plaintiff if he followed his religious beliefs and exercised his freedom of speech within 500 feet of a school.[2] Therefore, the Court holds that Plaintiff has sufficiently alleged facts to support that he has standing to pursue this challenge.[3]

---

[2] The Court notes that Defendants argued in their objections to the Magistrate Judge's Report and Recommendation on the Motion for Preliminary Injunction that the statute at issue was "not enforced" against the arrested Gideon members because the statute was not mentioned in the arrest report. Def. Roth/Perez Obj. at 4. However, Plaintiff asserts that, at the time of arrest, when he asked what statute had been violated, the arresting officer said that the Gideons were not allowed within 500 feet of the school, which specifically refers to the statute at issue. Compl. ¶99. Further, Plaintiff's fellow Gideons, arrested on that day, were in fact prosecuted under the statute at issue until the State Court granted their Joint Motion to Dismiss the Amended Information. See dkt # 59.

[3] The Magistrate Judge also concluded that Plaintiff has standing to challenge the statute at issue. Report and Recommendation (dkt # 50) at 10.

### B. Eleventh Amendment and Sovereign Immunity

Defendant Kohl argues that Plaintiff's request for attorney's fees and costs is barred by Eleventh Amendment Immunity because a state and its agencies cannot be sued for damages in federal court. However, immunity from suits for damages is not a bar to prospective injunctive relief against a state officer acting in his or her official capacity, and therefore is no bar to the award of attorney's fees under 42 U.S.C. § 1988 to one who is successful in obtaining injunctive relief under 42 U.S.C. § 1983 against the official. Hutto v. Finney, 437 U.S. 678 (1978); Pulliam v. Allen, 466 U.S. 522 (1984) (upholding award of fees to individuals who brought suit against state magistrate claiming that magistrate's bail practices were unconstitutional and won injunction against those practices). Because this action is for prospective injunctive relief, Plaintiff can request attorney's fees.

The State Attorney also argues that he is entitled to Eleventh Amendment immunity against suit on the state law claim, brought under the FRFRA, because Florida has not waived Eleventh Amendment immunity from suit in federal court under this statute. The State Attorney argues that even if Plaintiff could show the State consented to suit in state courts, Plaintiff cannot show that the State consented to suit in federal courts under the FRFRA. The Supreme Court, in Port Auth. Trans-Hudson Corp. v. Feeney, held

> A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts, *see, e.g.*, Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Assn., 450 U.S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981) (per curiam), and "[t]hus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court." Atascadero State Hospital, *supra*, 473 U.S., at 241, 105 S.Ct., at 3146.

495 U.S. 299, 306 (1990). Plaintiff does not respond to this argument nor demonstrate that the

State has consented to suit under the FRFRA in federal court. Therefore, dismissal of the FRFRA claim against the State Attorney is appropriate.

### C. Shotgun Pleading

Defendant Kohl argues that the Complaint should be dismissed as an improper "shotgun pleading" because Plaintiff incorporates "all preceding paragraphs" into each cause of action of the Complaint. Thereby, the fifth cause of action of the Complaint realleges the first four causes of action, and the first cause of action is claimed five times. Shotgun pleadings like this are improper because the subsequent causes of action include multiple claims. However, overall the Complaint is not nearly as confusing and unclear as many "shotgun pleadings," and the Complaint survives if the Court construes the first paragraph of each cause of action as only incorporating paragraphs 1–139. To save Plaintiff the need to amend the Complaint for such a small change, the Court will construe each cause of action as only incorporating the introductory paragraphs 1–139 and not each preceding cause of action.

### D. Complaint States a Cause of Action

Defendants argue that the Complaint should be dismissed for failure to state a claim. However, the Court has adopted the Magistrate Judge's Report and Recommendation in which the Magistrate Judge addresses many of Defendants' arguments and finds that Plaintiff does state a cause of action. The Court incorporates by reference the Magistrate Judge's Report and Recommendation, and finds that Plaintiff does state a cause of action.

Defendant Kohl argues that Plaintiff cannot bring a §1983 action against a state official acting in his official capacity. However, the Eleventh Circuit has recognized that "a claimant may bring a § 1983 action against state officials in their official capacities, but only for

prospective, injunctive relief." Washington v. Bauer, 149 Fed. Appx. 867, 870 (11th Cir. 2005) (citation and quotation marks omitted). Since this action is for prospective, injunctive relief, Plaintiff may proceed under § 1983.

E. **Sheriff's Officer John Perez in His Official Capacity**

Defendants Roth and Perez argue that, because they are both sued only in their official capacities, Roth as Monroe County Sheriff and Perez as a Sheriff's Officer, bringing suit against both is redundant. "In contrast to individual capacity suits, when an officer is sued under Section 1983 in his or her official capacity, the suit is simply "'another way of pleading an action against an entity of which an officer is an agent.'" Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Because both Roth, the Monroe County Sheriff, and Perez, a Sheriff's Officer, are both sued in their official capacity as agents of the Monroe County Sheriff's Office, suit against either is the equivalent of a suit directly against the Monroe County Sheriff's Office. Therefore, suit against both solely in their official capacity as agents of the Monroe County Sheriff's Office is redundant. Accordingly, Officer Perez is properly dismissed from this action.

F. **Request for Stay Pending Resolution of State Court Proceeding**

Defendant Kohl argues in his Motion to Dismiss that, in the alternative to the Court granting his Motion to Dismiss, the Court should stay this case pending resolution of the State Court prosecution of the Plaintiff's fellow Gideon members arrested on January 19, 2007, who "are being prosecuted pursuant to the statute under attack." However, this request has been rendered moot by the State Court's Order granting Plaintiff's fellow Gideon members' Motion to Dismiss the Amended Information and dismissing the State Court prosecution. *See* Suggestion of Mootness (dkt # 59).

**IV.    CONCLUSION**

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant State Attorney Mark E. Kohl's Motion to Dismiss or Stay Action (dkt # 21, 22) is GRANTED IN PART and DENIED IN PART. To the extent the Motion seeks dismissal of the FRFRA claim against Defendant Kohl, the Motion is GRANTED. All other relief requested is DENIED. It is further

ORDERED AND ADJUDGED that Defendants Richard D. Roth's and John Perez's Motion to Dismiss (dkt # 25) is GRANTED IN PART and DENIED IN PART. To the extent the Motion seeks dismissal of Defendant Perez from this action, his presence being redundant, the Motion is GRANTED. All other relief requested is DENIED. It is further

ORDERED that for all subsequent filings in this Court, all filings are to be formatted in 12 point Times New Roman font and double spaced, including any footnotes, with one-inch margins on all sides. Failure to follow these formatting guidelines may result in the filing being stricken, any opposing filing being granted by default and the impositions of other sanctions including attorney's fees and costs.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of November, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record

13