IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-10024-CIV-MOORE/SIMONTON

THOMAS GRAY,

    Plaintiff,

vs.

MARK E. KOHL, in his official capacity
as State Attorney for the Sixteenth Judicial
Circuit of Florida, RICHARD D. ROTH,
in his official capacity as Monroe County
Sheriff, and SHERIFF'S OFFICER JOHN
PEREZ, in his official capacity,

    Defendants.

_____/

## ORDER DENYING DEFENDANT SHERIFF ROTH'S APPEAL OF MAGISTRATE'S ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

THIS CAUSE came before the Court upon Defendant Sheriff Roth's Appeal of Magistrate's Order Denying Defendant's Motion for Protective Order (dkt # 76).

UPON CONSIDERATION of the Motions, the record, and being otherwise fully advised in the premises, and after *de novo* review, the Court enters the following order.

I.    **BACKGROUND**

This action arises from Defendants' prohibition of Plaintiff's distribution of Bibles on a public sidewalk within 500 feet of Key Largo School, a "school safety zone," pursuant to the Florida School Safety Zone Statute, § 810.0975. The facts are fully set forth in this Court's Order Granting in Part Defendants' Motions to Dismiss (dkt # 64), and are incorporated herein by reference.

## II.  ANALYSIS

Federal Rule of Civil Procedure 26(c)(1) permits the issuance of a protective order precluding discovery "for good cause." Rule 26(c)(1)(C) allows a court to "prescrib[e] a discovery method other than the one selected by the party seeking discovery." "The burden of showing good cause to preclude a depostion altogether is a heavy one." Dunford v. Rolly Marine Serv. Co., 233 F.R.D. 635, 637 (S.D.Fla. 2005). *See* West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302 (S.D.Fla. 1990) (protective orders entirely prohibiting a deposition are rarely granted). However, courts generally restrict parties from deposing high ranking officials lacking personal knowledge of the issues being litigated because they are "'vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." Simon v. Pronational Ins. Co., No. 07-60757-CIV (BSS), 2007 WL 4893478, at *1, (S.D.Fla. 2007).

This court finds that Sheriff Roth, as Sheriff of Monroe County, Florida, is entitled to the heightened protection from discovery often afforded to high ranking officials. As Sheriff, he is likely to be subjected to numerous, repetitive and abusive depositions concerning matters of which he has no personal knowledge. *See* Murray v. County of Suffolk, 212 F.R.D. 108, 109-10 (E.D.N.Y. 2002) (quashing deposition of county police commissioner in case concerning sexual misconduct by individual officer because commissioner lacked personal knowledge of events).

The question, then, is whether the likelihood that Sheriff Roth has personal knowledge of pertinent facts is sufficiently remote to constitute good cause to proscribe his deposition with a protective order or by other means available. Here, Plaintiff brings a facial and as-applied challenge to F.S.A. § 810.0975. With respect to the as-applied challenge, it is unlikely that

Sheriff Roth would have sufficient personal knowledge of the underlying facts giving rise to this cause to justify his deposition. See Thomas v. Int'l Bus. Machs., 48 F.3d 478, 483-84 (10th Cir. 1995) (upholding protective order where senior executive lacked personal knowledge); Porter v. Eli Lilly & Co., 06-CV-1297 (JOF), 2007 WL 4893478 at *3 (N.D.Ga. 2007) (upholding protective order of CEO where executive lacked personal knowledge); Baine v. Gen. Motors Corp., 141 F.R.D. 332, 334-35 (M.D.Ala. 1991) (issuing protective order restricting deposition of CEO because of lack of personal knowledge). Sheriff Roth did not participate in the acts giving rise to the suit and there is no indication that they were carried out at his behest.

With respect to the facial challenge, however, Plaintiff is entitled to inquire into the manner and methods by which F.S.A. § 810.0975 is enforced in an attempt to demonstrate that the statute can never be enforced in a constitutional manner. See DA Mortgage, Inc. v. City of Miami Beach, 486 F.3d 1254, 1262 (11th Cir. 2007) (stating that when bringing a facial challenge, plaintiff bears the burden of demonstrating that the law cannot be constitutionally enforced). Enforcement of the statute depends on the policies in place within Monroe County and the meaning that the Monroe County Sheriff's Office assigns to the statute. Sheriff Roth disavows any knowledge concerning policy making within the Monroe County Sheriff's Office and its enforcement and interpretation of F.S.A. § 810.0975. However, given Sheriff Roth's executive oversight and high level leadership and command responsibility over the Monroe County Sheriff's Office, Sheriff Roth may not so casually disavow his knowledge over matters such as policy making that typically occur at an executive level within an organization. See Balfour Beatty Rail, Inc. v. Vaccarello, 06-cv-551-J-20 (MCR), 2007 WL 842765, at *3 (M.D.Fla. 2007) ("The reason why alleged lack of knowledge is not a sufficient ground to

prevent a deposition is obvious. The very purpose of the deposition discovery is to test the extent of the deponent's knowledge and claims of ignorance.") (citation omitted). The strong likelihood that an executive leader like Sheriff Roth would have personal knowledge concerning the matters into which Plaintiff is entitled to inquire prevents this Court from finding good cause to issue a protective order barring Sheriff Roth's deposition or limit such deposition by other means available. Therefore, Plaintiff may proceed to depose Sheriff Roth.

### III. CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant Sheriff Roth's Appeal of Magistrate's Order Denying Defendant's Motion for Protective Order (dkt # 76) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of April, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   United States Magistrate Judge Barry L. Garber
      All counsel of record